**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.: 4:26-cr-00021-CDL-AGH-001** |
| **WILLIAM D. JONES,** | : | |
| **Defendant.** | : | |

## ORDER

On September 15, 2026, an Indictment was filed against the above-named defendant. ECF. 1. Also named as Defendants in that indictment are Jorge Dozal and Larry Almy. ECF. 1. Defendants Almy and Dozal both appeared for their initial appearance and arraignment on October 1, 2026, and both were placed on pre-trial release pending resolution of this matter. ECF 17 and 21. On October 6, 2026, this Court issued Notice of Pre-Trial Conference for October 29, 2026, setting the matter for the December trial term. On October 16, 2026, the Government filed a Motion to Continue the matter. ECF 31. In support of said Motion the Government showed that Defendants Dozal and Almy were set for trial in December 2026; however, Defendant William D. Jones had not yet appeared before the Court for his initial appearance and arraignment. The Government further showed that no motions for severance had been granted. This Court granted said motion and continued the matter to the March 2027 trial term. ECF 32.

On October 21, 2026, Defendant William D. Jones appeared before the court for his initial appearance and arraignment and consented to detention at that time. ECF 40. The matter is presently set for pretrial conference on December 2, 2026. ECF 46.

The Government filed an unopposed motion to continue on November 16, 2026.

Specifically, The Government showed that Defendants Dozal and Almy are set for trial in March 2027; however, co-defendant William D. Jones is presently set for trial in December 2026. The Government further showed that no motions for severance had been granted. In addition, discovery has not yet been provided to Defense counsel and as a result counsel for the Defendant will not have had an adequate opportunity to review discovery, conduct any required investigation, or negotiate a potential resolution of the case prior to the presently set December trial term.

IT IS HEREBY ORDERED that the above-referenced matter be continued to next term of Court set for March 2027, and that the Speedy Trial deadline for the trial in this matter imposed by 18 U.S.C. § 3161(c)(1) be extended to that time. Pursuant to 18 U.S.C. § 3161(h)(6), a reasonable period of delay is excludable from the computation of time when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. The Court finds that the ends of justice served by granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial because a failure to grant such continuance could result in a miscarriage of justice and would deny counsel for each Defendant and the Government the reasonable time necessary for effective preparation. 18 U.S.C. §§ 3161(h)(7)(A)-(B). The delay occasioned by this continuance shall not be considered in calculating the speedy trial deadline under the Speedy Trial Act.

SO ORDERED, this 17th day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U. S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA